IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:22-CR-220-ALM-CAN-1 |
| LOREN NEAL SMITH (1) | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 17, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Lesley Brooks.

On February 4, 2005, United States District Judge Richard A. Schell sentenced Defendant to a term of one-hundred twenty (120) months imprisonment followed by three (3) years of supervised release on Count 4 and five (5) years of supervised release on Count 5 to run concurrently. *See United States v. Loren Neal Smith*, 4:04-cr-66-SDJ-KPJ-1 (E.D. Tex. Apr. 15, 2004), Dkts. 40, 41, 51. On April 6, 2016, United States District Judge Malachy E. Mannion sentenced Defendant to a term of forty-six (46) months imprisonment consecutive to any sentence Defendant was serving, followed by three (3) years of supervised release. *See* Dkt. 2. On May 24, 2015, U.S. District Judge Amos L. Mazzant granted a reduction of Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), reducing Defendant's sentence from one-hundred twenty (120) months to one-hundred ten (110) months for Count 4. *See United States v. Loren Neal Smith*, 4:04-cr-66-SDJ-KPJ-1 (E.D. Tex. Apr. 15, 2004), Dkt. 50. On June 19, 2020, Defendant completed his term

1

of imprisonment and began serving the term of supervision. *See* Dkt. 2. On August 31, 2022, United States District Judge Malachy E. Mannion transferred the jurisdiction of Defendant's supervised release to the United States District Court for the Eastern District of Texas. *See* Dkt. 1.

On September 12, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2).[1] The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; (5) Defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (6) Defendant shall undergo a substance abuse evaluation and, if recommended, Defendant shall satisfactorily complete a program of outpatient or inpatient substance abuse treatment; and (7) Defendant shall undergo a mental health evaluation and, if recommended, Defendant shall satisfactorily complete a program of outpatient or inpatient mental health treatment. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On July 11, 2020, Defendant was involved in a car accident where he struck two unattended vehicles and left the scene of the accident on foot without immediately reporting the incident. On August 21, 2020, Defendant was charged in Denton County with Duty on Striking Unattended Vehicle, a Class B misdemeanor. On June 29, 2022, Defendant pled Nolo Contendere and was sentenced to twenty (20) days in jail.

---

[1] On September 12, 2022, the U.S. Probation Officer had filed a Petition for Warrant or Summons for Offender Under Supervision in *United States v. Loren Neal Smith*, 4:04-cr-66-SDJ-KPJ-1 (E.D. Tex. Apr. 15, 2004), Dkt. 51.

- On December 20, 2021, Defendant submitted a urine sample which tested positive for methamphetamine and benzodiazepines. The sample was forwarded to Abbott Laboratory where it was confirmed for methamphetamine, Oxazepam, and Temazepam.

- On January 25, 2022, Defendant submitted a urine sample which tested positive for methamphetamine. The sample was forwarded to Abbott Laboratory where it was confirmed.

- Defendant has failed to obtain employment since January 2021.

- On July 27, 2022, Defendant reported to the U.S. Probation Office as directed. However, when a urine sample was requested, he refused to submit one and left without making an attempt. Defendant failed to submit a urine sample as directed by the random UA program on August 2, 2022, August 19, 2022, and September 6, 2022.

- Defendant failed to attend substance abuse treatment for the month of August 2022.

- On February 9, 2022, Defendant reported to Well Culture Counseling for a mental health assessment as directed by the U.S. Probation Office. However, during the assessment he was "withholding and combative" and "made threats about his compliance if his demands to redact information were not met." Additionally, Defendant chose not to respond to certain questions on the MMPI-3 questionnaire, and the counselor was unable to make a recommendation or accurate diagnosis regarding his mental health.

On November 17, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 19. During the hearing, U.S. Probation Officer Jacob Gilbert testified that Defendant had struck two vehicles and fled the scene in July 2020, without contacting the police, later pled nolo contendere in June 2022 in Texas state court, and was sentenced to twenty (20) days imprisonment. *See id.* U.S. Probation Officer Jacob Gilbert further testified that Defendant had not sought employment or applied for disability, tested positive for methamphetamine and benzodiazepine in December 2021 and January 2022, refused to submit a drug sample during an office visit in July 2022, failed to submit urine samples on August 2, 2022, August 19, 2022, and September 6, 2022, failed to attend substance abuse treatment in August 2022, failed to comply with the mental health assessment, and was combative during his mental health assessment. *See id.* Leigh Smith ("Ms. Smith"), Defendant's mother, testified at the hearing. *See id.* Ms. Smith testified Defendant was

not combative, and rather Defendant was irritated due to an injury to his scrotum. *See id.* Ms. Smith further testified she was unaware of Defendant's drug usage and drug history. *See id.* Defendant testified on his own behalf. Defendant testified he has difficulty urinating due to suffering nerve damage to his scrotum and has taken over thirty urine analysis tests. *See id.* Defendant testified the urine analysis test had produced a false positive for methamphetamine and denied using methamphetamine. *See id.*

The Government proffered, without objection from Defendant, and the Court admitted Drug Test Reports dated December 30, 2021, February 4, 2022, February 8, 2022, the Denton, Texas Police Department Incident Report dated July 11, 2020, and Defendant's Plea of Nolo Contendere filed June 29, 2022, as Government Exhibit 1. *See id.*; Dkt. 20 at 2–15. Defendant proffered, without objection from the Government, *see* Dkt. 19, the following: Defendant's 5011 Mental Health Evaluation dated February 9, 2022, as Defendant's Exhibit 1, *see* Dkt. 20 at 19–39; Defendant's Subpoena to Testify at Hearing for CJ McCary, as Defendant's Exhibit 2, *see id.* at 16–18; Defendant's Medical Record dated August 18, 2021, as Defendant's Exhibit 3, *see id.* at 40–42.

Defendant entered a plea of true to allegation one, and not true to allegations two through seven. *See id.* The Court previously found there was probable cause to support the allegations, including allegations two through seven. *See id.*; Dkt. 11. Defendant consented to revocation of his supervised release and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 19, 21. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 17, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months with no supervised release to follow, which is to run concurrently for this action and *United States v. Loren Neal Smith*, 4:04-cr-66-SDJ-KPJ-1 (E.D. Tex. Apr. 15, 2004). The Court further recommends Defendant be placed at FCI Fort Worth in Fort Worth, Texas, due to his medical needs.

**So ORDERED and SIGNED this 21st day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE